INZER, Justice:
Appellees, Charles E. Thomas and his wife, filed an attachment suit in the Chancery Court of Hancock County against their daughter, Mrs. Beverly E. Gross, seeking to recover the value of certain materials and labor which they furnished to complete a house and build a garage located upon the property of Mrs. Gross in Hancock County, Mississippi. Mrs. Gross filed a cross-bill, wherein she sought to recover rent from Mr. and Mrs. Thomas for the use of the premises in question. After many varied, unusual and novel pleadings, the issues were heard by the chancellor, who entered a decree in favor of appellees in the amount of $2,250. From this decree, Mrs. Gross has appealed.
We have carefully considered each assignment of error, together with the briefs and the record, and we find that the chancellor determined the factual issues on conflicting evidence, and we cannot say that he was manifestly wrong. In fact, it appears that he reached a just and equitable decision. We find no merit in the contention of the appellant that appellees’ claim was barred by the provisions of Mississippi Code Annotated section 729 (1956). The evidence reveals that the agreement relative to the work and payment therefor was made in this State at a time when all the parties were residents of the State of Louisiana. Appellant moved to California in 1959 and has resided there since that time. The work and materials were furnished over a period of several years, and without doubt, en *308 hanced the value of appellant’s property in this State. The cause of action accrued in this State. Mississippi Code Annotated section 740 (1956) provides:
If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return.
At the time the cause of action accrued, appellant was a nonresident of this State,.and has been since that time. Therefore, the statute of limitations did not run. Furthermore, it is doubtful that the cause of action accrued more than three years before suit was filed.
For the reasons stated, this cause must be affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.